**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | CASE NO: 19-CR-98 |
| v. | ) | Judge Dan Aaron Polster |
| **ANTHONY BALG,** | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

## MEMORANDUM

Before the Court is Defendant Anthony Balg's Motion for Release, Doc #: 268. For the following reasons, Balg's Motion, **Doc #: 268**, is **DENIED**.

## BACKGROUND

On January 8, 2020, Balg pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin, cocaine base, cocaine, and methamphetamine in violation of 21 U.S.C. § 846. Non-document order dated 1/8/2020. Balg was released on bond both before and after he pleaded guilty. While on bond, he tested positive for methamphetamine, missed multiple drug screen dates, and failed to participate in a drug treatment program. Doc #: 267 at 4. A warrant was issued for Balg's failure to participate in the drug treatment program. Doc #: 267 at 4. On March 4, 2020, officers attempted to execute the warrant, prompting Balg to flee from officers with a child in his vehicle. Doc #: 267 at 4. He later returned to the scene and was arrested. Doc #: 267 at 4. Balg will be sentenced on June 17, 2020. Non-document order dated 4/7/2020.

1

## ANALYSIS

Balg now requests that he be released from detention. Doc #: 260 at 2. His only basis for requesting this relief is that he fears COVID-19. Doc #: 260 at 1-2. Notably absent from Balg's Motion is any citation to law, statutory or otherwise. The Court recognizes the severity of COVID-19 and the legitimacy of the fears it inspires. However, the existence of a pandemic does not permit courts to ignore statutes or usurp power from the legislature.

A courts authority to release a person pending sentencing is granted in 18 U.S.C. § 3143(a). Under this statute, a court must detain a person pending sentence who has been convicted of an offence for which the Controlled Substances Act proscribes a maximum term of imprisonment of ten years or more unless the Court makes a two-part finding. 18 U.S.C. § 3143(a)(2). First, the court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community". 18 U.S.C. § 3143(a)(2)(B). Second, the court must find either (1) that ""there is a substantial likelihood that a motion for acquittal or new trial will be granted," or (2) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. §§ 3143(a)(2)(A)(i)-(ii).

Balg is ineligible for release pending sentencing. His conviction for conspiracy to possess with intent to distribute and to distribute heroin, cocaine base, cocaine, and methamphetamine carries a maximum term of imprisonment of twenty years under the Controlled Substances Act. 21 U.S.C. § 841(b)(1)(C). Thus, Balg would only be eligible for release if the Court could make the two-part finding in § 3143(a)(2).

First, the Court cannot find by clear and convincing evidence that that Balg is not likely to flee. He has demonstrated an indifference towards court orders by testing positive for

methamphetamine while on bond, missing multiple drug screen dates, and failing to participate in a drug treatment program. More importantly, Balg has already once fled from officers possessing a warrant and, in the process, put a child in danger. Based on this conduct, the Court cannot find by clear and convincing evidence that Balg is not likely to flee.

Second, The Court finds that there is not a substantial likelihood that a motion for acquittal or new trial would be granted. Nor has the attorney for the Government recommended that no sentence of imprisonment be imposed on Balg. Accordingly, Balg is ineligible for release awaiting sentence.

Moreover, Balg's argument that he should be released because he fears a COVID-19 breakout at CORECIVIC - NEOCC, where he is housed, is not well taken. CORECIVIC - NEOCC has no confirmed COVID-19 cases. Doc #: 265 at 2. Nor does Balg assert that he has encountered anyone with COVID-19. Rather, the U.S. Marshals Service is taking appropriate precautions to avoid a COVID-19 outbreak. Doc #: 265 at 5-6.

## CONCLUSION

Accordingly, Balg's Motion for Release, **Doc #: 260**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 13, 2020*
**Dan Aaron Polster**
**United States District Judge**